IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MILES MURPHY,<br><br>    Defendant. | Case No. CR06-0157<br><br>ORDER |

This matter comes before the court pursuant to the government's motion for detention made at the defendant's initial appearance before a judicial officer. The court held an evidentiary hearing on this motion on December 5, 2006, at which the defendant was present and represented by Assistant Federal Public Defender Casey D. Jones. The government was represented by Assistant United States Attorney Matt Cole The government's motion for detention is granted.

The defendant is charged with possessing pseudoephedrine to make methamphetamine on April 21, 2006. He is also charged with attempting to manufacture methamphetamine that day. In Count 3, he is charged with using and carrying a firearm and possessing a firearm during and in relation to a drug trafficking crime. He is charged with being a felon and a domestic abuser in possession of a firearm.

The charges arise out of an anonymous tip that the defendant was manufacturing methamphetamine at his residence at 1342 Ellis Boulevard, NW. Ultimately, police officers went to the residence on April 21, 2006, and spoke to persons present at that residence. While there, they saw the defendant's 15-year-old son emerge from the house smelling of marijuana. The son took the police to the basement where he had been

1

smoking marijuana. The police got a search warrant to search the house. In the attic, off the bedroom of a 7-year-old child, the police found a methamphetamine laboratory.

The defendant was taken into custody and confessed to having cooked methamphetamine 150 to 200 times. He told the police of his recipe, that he traded methamphetamine for marijuana to give to his 15-year-old son, that he sold 1/4 gram 1/2 gram, and 1 gram quantities of methamphetamine, that he traded methamphetamine filters for the .22 caliber firearm that was found in his car, and that he took a .38 caliber Derringer firearm in exchange for a gram of methamphetamine.

When the police went to arrest him on December 1, 2006, they found two other individuals at the defendant's house, one of whom had a warrant outstanding for his arrest. That person admitted that he was at the defendant's residence to purchase methamphetamine.

The defendant claims to work odd jobs doing small engine repair. He lives with a domestic partner whom he has repeatedly abused. Fortunately, his children have been removed from his custody and reside with his partner's mother. It is very difficult to find something nice to say about this defendant.

## CONCLUSIONS OF LAW

Pursuant to Title 18, United States Code § 3142(e), the judicial officer must determine whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community in deciding whether to grant the government's motion for detention. Detention can be based on a showing either of dangerousness or risk of flight, both are not required. United States v. Fortna, 769 F.2d 243 (5th Cir. 1985). The standard is "reasonable assurance"; the court cannot order the detention because there are no conditions which would guarantee appearance and safety. United States v. Orta, 760 F.2d 887 (8th Cir. 1985). The grounds relied upon by a judicial officer to support a finding that no condition or combination of

2

conditions will reasonably assure the safety of any other person or the community must be supported by clear and convincing evidence. However, the burden of proof on the issue of risk of flight is by a preponderance of the evidence. United States v. Orta, supra.

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning -- (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including -- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. § 3142(e). This rebuttable presumption arises only if the defendant is charged in at least one count subject to these penalties. United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985).

The rebuttable presumption of § 3142(e) creates a burden of production upon the defendant, not a burden of persuasion. The purpose of the rebuttable presumption is to

3

shift the burden to the defendant to establish a basis for concluding that there are conditions of release sufficient to reasonably assure that the defendant will not engage in dangerous criminal activity pending trial. United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985). Although most rebuttable presumptions found in the law disappear when any evidence is presented by the opponent of the presumption, the rebuttable presumption of § 3142(e) is not such a "bursting bubble." United States v. Jessup, supra, at 383. Thus, in order to rebut the presumption, the defendant must produce some evidence; and the Magistrate Judge should still keep in mind the fact that Congress has found that certain drug offenders, as a general rule, pose special risks of flight. United States v. Jessup, supra, at 384. Although this court is unable to find any case from the Eighth Circuit Court of Appeals similarly construing the rebuttable presumption of § 3142(e), other circuits have adopted the rationale of Jessup. United States v. Martir, 782 F.2d 1141, 1144 (2d Cir. 1986); United States v. Diaz, 777 F.2d 1236, 1237 (7th Cir. 1985); United States v. Fortna, 769 F.2d 243, 251 (5th Cir. 1985); United States v. Hurtado, 779 F.2d 1467, 1470 (11th Cir. 1985); United States v. Alatisha, 768 F.2d 364, 371 (D.C. Cir. 1985).

In this case, the government's case appears to be strong by reason of the search warrant and the defendant's confession. It appears to be a large case given the quantities of methamphetamine identified in the defendant's confession. It is a case involving danger to children because the methamphetamine laboratory was accessed through the bedroom of a 7-year-old child and because the defendant provided marijuana to a 15-year-old son. The court is further concerned about the fact that the defendant is trading methamphetamine or methamphetamine manufacturing items for firearms. This is especially alarming in light of the defendant's history of domestic abuse violence.

The court has examined the factors found in 18 U.S.C. § 3142(g) and weighed the evidence according to the standards noted above. Pursuant to the evidence and the rebuttable presumption of § 3142(e), the court finds by clear and convincing evidence that

no condition or combination of conditions will reasonably assure the safety of the community upon the defendant's release. The defendant was advised in open court of his right to a prompt resolution of any appeal of this order.

Upon the foregoing,

IT IS ORDERED

1. That the defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford the defendant reasonable opportunity for private consultation with counsel while detained.

December 5, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT